IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-01282-MSK-KLM

JEFFREY SCOTT DURHAM,

    Plaintiff,

v.

ROBERT A. HOOD,
T. G. WERLICH, and
RANDY MADISON,

    Defendants.

_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION AND
OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**
_____

    **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion for Reconsideration **(# 142)** of the Court's September 21, 2006 Order **(# 141)** denying the Plaintiff's Motion to Transfer **(# 123)**, the Defendants' response **(# 152)**, and the Plaintiff's reply **(# 157)**; the Plaintiff's "Motion for the Court to Take Judicial Notice of Adjudicative Facts" **(# 184)**; and the Plaintiff's Objections **(# 193)** to the May 4, 2007 Minute Order **(# 190)** of United States Magistrate Judge O. Edward Schlatter granting the Plaintiff's Renewed Motion for Appointment of Counsel **(# 187)**.

    Extensive recitation of the underlying facts alleged by the Plaintiff or the procedural history of this action is not necessary as the background is fully explicated in the Court's September 21, 2006 Order **(# 141)**.

The Plaintiff seeks reconsideration **(# 142)** of that portion of the September 21, 2006 Order that dismissed his claims against former Defendants Lappin, Watts, and Hershberger for lack of personal jurisdiction and denied his motion to transfer the case to an unspecified district where these Defendants could be sued.  The Plaintiff also seeks **(#184)** to have the Court take judicial notice of a 2006 report by the U.S. Department of Health and Human Services, although the purpose for which the Court is requested to take such notice is unclear.  Finally, the Plaintiff objects **(# 193)** to an Order **(# 190)** by the Magistrate Judge that granted the Plaintiff's renewed motion for appointment of counsel **(# 187)**.  Specifically, the Plaintiff objects to the fact that the Magistrate Judge directed the Clerk of the Court to determine whether any attorney on its *pro bono* panel would <u>volunteer</u> to represent the Plaintiff; instead, the Plaintiff appears to contend that the Court is <u>required</u> to supply him with *pro bono* counsel.

As always, in light of the Plaintiff's *pro se* status, the Court has construed all of his pleadings liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).  However, *pro se* status does not relieve the Plaintiff from the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Turning first to the Plaintiff's request that the Court reconsider its decision denying transfer of this action, the Court finds that its earlier decision denying the requested transfer was correct.  Although the parties are correct that a transfer pursuant to 28 U.S.C. § 1631 may lie to correct a defect in personal jurisdiction, *Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 15 (10th Cir. 2006), the Court finds that the interests of justice do not warrant such a transfer.  The Plaintiff

may be correct that, without a transfer, the expiration of the statute of limitations may prevent him from ever being able to sue the Defendants that are not subject to personal jurisdiction in Colorado. However, any injustice that might result from this fact is outweighed by several considerations that make a transfer inappropriate.

Most important is the reality – noted by the Court in its prior order and confirmed by the Defendants' response to the Plaintiff's motion – that transferring this case to a jurisdiction where the <u>dismissed</u> Defendants are subject to suit would likely require the dismissal of the <u>current</u> Defendants on personal jurisdiction grounds, essentially substituting one set of Defendants for another. The Plaintiff makes no argument that there is a single federal district where all of the Defendants he seeks to sue are subject to personal jurisdiction, and thus, a transfer of this action to some other district would accomplish nothing more than it already does. Indeed, transferring the action so that the Plaintiff can sue high-level officials of the Federal Bureau of Prisons, rather than the particular individuals at ADX that were directly responsible for his exposure to secondhand smoke, only serves to attenuate the action from the locus of the proof.[1]

Second, the Plaintiff's complaint that, but for a transfer, the expiration of the statute of limitations will deprive him of the opportunity to proceed against Defendants Lappin, Watts, and

---

[1]The Plaintiff's reply suggests that the Plaintiff wants to pursue the foreign Defendants "in the proper district as well as the Colorado Defendants." Construed liberally, the Court could read this as a request that the Court bifurcate the case under Rule 42(b), separating the claims against Defendants Lappin, Watts, and Hershberger from the others, and then transfer that portion of the case to some other district, thereby creating two parallel lawsuits. To the extent this is what the Plaintiff requests, the Court declines to do so. In addition to the reasons stated in this Order, such an approach: (i) would allow the Plaintiff to evade the requirements of 28 U.S.C. § 1915(b) with regard to the second lawsuit; and (ii) would likely be subject to dismissal under 28 U.S.C. §1915A(b)(1), insofar as the Plaintiff's allegations of personal participation by the three foreign Defendants in the deprivation of his constitutional rights in Colorado are likely insufficient.

Hershberger reflects, in part, delay that is attributable solely to the Plaintiff. The Plaintiff alleges that he began being exposed to secondhand smoke upon his arrival at ADX in 2001, and continued to be exposed to that hazard until the prison eliminated smoking in September 24, 2004. Assuming a two-year statute of limitations began running no later than September 24, 2004, the Plaintiff had until September 24, 2006 to commence an action against Defendants Lapping, Watts, and Hershberger in the appropriate jurisdiction. The Plaintiff has been on notice since December 15, 2005 **(# 49)** that Defendants Lappin, Watts, and Hershberger disputed this Court's authority to exercise jurisdiction over them. Rather than taking a cue from these Defendants' motion and seeking to commence a new action in a more appropriate district, the Plaintiff apparently assumed that this Court would find sufficient jurisdiction existed, and thus, took no action to cure any jurisdictional defect. That assumption proved unreliable on September 21, 2006, when the Court denied the Plaintiff's motion, but even then, the Plaintiff had a few days left to commence a new action before the statute of limitations expired.[2] Accordingly, although the Plaintiff may be correct that the statute of limitations would prevent a new suit against the foreign Defendants, the Plaintiff himself bears some fault for allowing the statute to expire before questions as to the Court's jurisdiction over these Defendants had been resolved, and that fact ameliorates, to some extent, the interests of justice favoring a transfer.

---

[2] The Court is mindful that, as an inmate, the Plaintiff does not receive copies of orders instantaneously through the electronic case filing system. Instead, must await the arrival by mail of a hard copy of the decision, a process that might reasonably take several days. In all likelihood, the Court's September 21, 2006 Order did not reach the Plaintiff's hands until on or after the expiration of the statute of limitations on September 24, 2006. Nevertheless, the Court finds that the Plaintiff had ample time to assess and cure the jurisdictional defects in his claims against Defendants Lappin, Watts, and Hershberger by filing separate lawsuit elsewhere well before the statute of limitations expired.

Third, although the Plaintiff complains that he has not been granted to opportunity to obtain jurisdictional discovery, this Court has conclusively affirmed the Magistrate Judge's refusal to permit such discovery. The Plaintiff acknowledges that, without that discovery, he is unable to identify the district to which the case should be transferred. Thus, even if the Court were otherwise inclined to grant a transfer, the Plaintiff has not shown which jurisdiction (or, potentially, jurisdictions) to which the interests of justice warrant a transfer.

Accordingly, the Court grants, in part, and denies, in part, the Plaintiff's motion for reconsideration. Although the Court reconsiders its decision to deny to the Plaintiff's motion to transfer in light of additional caselaw and argument presented by the Plaintiff, the Court nevertheless finds upon reconsideration that the denial of the motion to transfer was appropriate.

The Court denies the Plaintiff' "Motion for the Court to Take Judicial Notice." At present, there is no issue pending before the Court upon which the report cited by the Plaintiff bears upon. As a rule of evidence, Rule 201 necessarily applies only to matters where the admissibility of evidence is at issue. Where there are no matters of evidentiary significance – *e.g.* motions for summary judgment, proposed findings of fact, etc. – pending before the Court, there is no need to take judicial notice of any kind of evidence. Although Fed. R. Evid. 201(f) provides that "judicial notice may be taken at any stage of the proceeding," the Advisory Committee notes make clear that this provision relates to whether judicial notice can be taken at an appellate stage; it does not indicate that the Court must take notice of certain facts at any arbitrary juncture in the litigation that a party chooses to request it. Accordingly, this motion is denied without prejudice; the Plaintiff can refile this request at a time when an evidentiary presentation is warranted. The Court expresses no opinion at this time as to whether the report cited by the Plaintiff is otherwise

an appropriate subject for judicial notice under Rule 201.[3]

Finally, the Plaintiff objects under Fed. R. Civ. P. 72(a) to a ruling by the Magistrate Judge granting his motion for appointment of counsel. The Plaintiff appears to believe that, because the Court has found appointment of counsel appropriate in the past, the Court should require *pro bono* counsel to appear on the Plaintiff's behalf.

It is axiomatic that litigants in civil cases have no constitutional right to representation by counsel. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Because there is no constitutional duty for the Court to provide counsel to represent civil litigants, the Court merely maintains a panel of attorneys who voluntarily agree to perform *pro bono* service. The Court cannot compel any attorney to afford representation to the Plaintiff if the attorney does not wish to do so. At best, the Court can only deem the Plaintiff eligible to have his case considered by the members of the *pro bono* panel, and to request that the members of that panel consider whether to agree to represent the Plaintiff.

That is what the Magistrate Judge's order provides for, and the Plaintiff has pointed to no authority suggesting that he is entitled to more. The Court is mindful of the fact that the Plaintiff has chosen to assert claims that require extensive technical and scientific testimony to prove, and that the Plaintiff lacks the resources to fully present that case on his own. This does not alter the

---

[3]The Court notes that the Plaintiff identifies the report only by name and certain document numbers, but does not produce a copy of it. As the Advisory Committee notes to Rule 201 explain, the purpose of the rule is to permit judicial notice of facts contained in "easily accessible sources." A report by the U.S. Department of Health is not typically the kind of report that is "easily accessible" to the Court, as it is not the type of document that is routinely found in courthouse libraries. To the extent the Plaintiff believes that Rule 201 allows him to shift the burden of procuring the actual document to the Court, any renewed motion should identify the authorities supporting such a proposition.

fact that the Plaintiff has no constitutional right to have counsel represent him in this case. Accordingly, the Plaintiff's Objections are overruled, and the Magistrate Judge's order granting his motion for appointment of counsel is affirmed.

For the foregoing reasons, the Plaintiff's Motion for Reconsideration **(# 142)** is **GRANTED IN PART**, insofar as the Court has reconsidered its September 21, 2006 Order in light of the additional authority and arguments presented by the Plaintiff, and **DENIED IN PART**, insofar as, upon reconsideration, the Court adheres to its prior ruling. The Plaintiff's "Motion for the Court to Take Judicial Notice of Adjudicative Facts" **(# 184)** is **DENIED** without prejudice. The Plaintiff's Objections **(# 193)** are **OVERRULED**, and the Court **AFFIRMS** the May 4, 2007 Minute Order **(# 190)** of United States Magistrate Judge O. Edward Schlatter.

Dated this 12th day of September, 2007

                **BY THE COURT:**

                *Marcia S. Krieger*
                _____

                Marcia S. Krieger
                United States District Judge.