# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01282-MSK-KLM

JEFFREY SCOTT DURHAM,

    Plaintiff,

v.

ROBERT A. HOOD,
T.G. WERLICH,
RANDY MADISON,

    Defendants.

## PROTECTIVE ORDER

This matter comes before the Court on a Stipulated Motion for Entry of a Protective Order. Plaintiff seeks logistical information regarding Plaintiff's cell at the Bureau of Prison's ("BOP") Administrative Maximum ("ADX") facility located at Florence, Colorado; numbers of inmates housed on the Plaintiff's range; and information regarding the physical outlay of ventilation and housing systems of the ADX. Information concerning the structural integrity of the ADX, including location of the ventilation system and plans or diagrams of the ventilation system, is law enforcement sensitive information, which information may not be provided to inmates or persons outside of the BOP system without security protocols. Plaintiff has agreed that the information will only be used in this case, will be viewed by Plaintiff's attorney, or his expert witness, upon execution of a written acknowledgment of this Protective Order, and

will not be provided or shown to Plaintiff, or any other inmate, or used in any other proceeding. In an effort to resolve this dispute, the parties have filed a Stipulated Motion for Entry of a Protective Order. The Court, having considered this stipulated motion, HEREBY ORDERS:

1. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates law enforcement interests, including information concerning the ventilation system and location of cells at the ADX. CONFIDENTIAL information shall not be disclosed or used for any purpose, except for the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the written consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to the following persons:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by such in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial

or other proceedings in this case, upon execution of a statement regarding his or her reading of the Protective Order and agreement to be bound by its provisions;

(d) the Court and its employees ("Court Personnel");

(e) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f) deponents, witnesses, or potential witnesses, except inmates in the BOP system; and

(g) other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), the parties shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by the opposing party.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be

made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed or returned to the party that designated it CONFIDENTIAL. If destroyed, notice that the destruction will take place or has taken place will be provided.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 30th day of October, 2007.

BY THE COURT:

_____
United States Magistrate Judge

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

Plaintiff Durham and the individual Defendants, by and through their counsel, agree and stipulate to the entry of this PROTECTIVE ORDER.

For the Plaintiff:

*s/ Marci Gilligan*
Marci Gilligan
Richilano & Gilligan
633 17th Street, Suite 1700
Denver, CO 80202-3602
303-893-8000
303-893-8055
mgilligan@glawoffice.net

TROY A. EID
United States Attorney

*s/ Elizabeth A. Weishaupl*
By:   Elizabeth A. Weishaupl
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, CO 80202
Telephone: (303) 454-0100
fax: (303)-454-0404
Elizabeth.weishaupl@usdoj.gov
Attorney for the Defendants